JUAN MARI RAMOS, Plaintiff and Appellant, *v.* ANTONIO VICÉNS Ríos, Defendant and Appellee.

No. 9415. Argued May 1, 1947.—Decided June 18, 1947.

*José Sabater* and *José O. Sabater* for appellant. *Luis Negrón Fernández, Attorney General,* and *J. Rivera Barreras, Assistant Attorney General,* for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

On January 21, 1946, the General Supplies Administrator, making use of the authority granted him by Act No. 228 of

May 12, 1942 (Laws of 1942, p. 1268), issued administrative order No. 65.

One of the aims pursued by said administrative order, as it was expressed therein, was "to purchase by voluntary sale all the coffee in stock in Puerto Rico in order to establish an equitable distribution among the civil population and thus avoid, . . . repugnant speculative practices and hoarding which unnecessarily lead to a raise in the cost of living."

In order to attain this purpose, the aforesaid administrative order granted a $5 subsidy per hundredweight of coffee produced in Puerto Rico, to those producers who should sell their coffee to the General Supplies Administration for the price prescribed by the Office of Price Administration. Said price was paid through Cafeteros de Puerto Rico, which in turn received the coffee purchased, acting as the representative of the General Supplies Administration.

Appellant, a coffee dealer with office in Mayagüez, filed in the District Court of that district a petition for injunction seeking to restrain the Administrator from enforcing the administrative order. He alleged, among other things, that said order discriminates in favor of Cafeteros de Puerto Rico to the prejudice of the plaintiff and that it ruins his coffee business, inasmuch as it makes it impossible for him to purchase any coffee on account of the subsidy offered by the Administrator to those who sell it to the General Supplies Administration. He sets up other averments which we need not set forth in detail because of the conclusion we shall reach in this opinion.

Respondent alleged, in opposition to the petition for injunction, that the court lacked jurisdiction of the subject matter: (a) because Act No. 228 provides an administrative proceeding of which petitioner did not avail himself in this case; (b) because Act No. 1 of 1946 (Laws of 1946, p. 2) forbids the issuance of an injunction to restrain the performance of any act of a public officer, authorized by an Act of

the Legislature of Puerto Rico, unless it has been determined by final, firm, unappealable, and unreviewable judgment that said authorized act is unconstitutional or void; and (c) because this is a case against The People of Puerto Rico, which may not be sued without its consent.

 Based on said acts, the court denied the petition for injunction. Its judgment is sound. It is a well-settled rule that when an Act provides an administrative remedy, resort may not be had to the courts without first exhausting said remedy. In the present case, appellant disregarded the administrative remedy and sought an injunction in violation of § 12(d) of Act No. 228, which expressly deprives the court of jurisdiction to entertain the validity of any regulation, order or price-schedule, or to stay, restrain, or prevent by injunction, or to reverse in whole or in part, any provision of this Act authorizing the promulgation of such regulations or orders or to issue a writ of injunction to restrain the effectiveness and application of any such provisions. But even in the absence of these clear provisions of Act No. 228, we find in the present case that the Administrator acted within the powers granted him by said Act No. 228 [1] when he issued administrative order No. 65. This being so, the injunction sought by appellant clearly falls within the prohibitions of subdivision 3 of § 4 of Act No. 1 of 1946, providing that no injunction or restraining order may be issued to restrain the performance of any act of a public officer authorized by an Act of the Legislature of Puerto Rico, unless it has been determined by final, firm, unappealable and unreviewable judgment that said act authorized by law is unconstitutional or invalid. *Las Monjas Racing Corp.* v. *Racing Com.*, 67 P.R.R. 42.

Judgment is affirmed.

---

[1] Subdivision d, § 3 of Act No. 228 of May 12, 1942, authorizes the General Supplies Administrator to grant subsidies to domestic producers under the terms and conditions which in his judgment will attain the purpose of this Act.